IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00073-PSF-MJW

SUREVOID PRODUCTS, INC.,

　　　Plaintiff,

v.

VOIDFORM INTERNATIONAL, LTD.,

　　　Defendant.

## ORDER ON PENDING MOTIONS

This matter comes before the Court on the Motion for Default Judgment (Dkt. # 9) filed by plaintiff on March 1, 2006 and the Motion to Dismiss for Insufficiency of Service of Process and to Vacate Clerk's Entry of Default (Dkt. # 13), filed by defendant on March 9, 2006.  Defendant filed its opposition to Motion for Entry of Default Judgment on March 21, 2006 (Dkt. #14).  Plaintiff has not responded to defendant's Motion to Dismiss and to Vacate Default, nor has it filed a reply to defendant's response in opposition to the default judgment motion.

The Court first addresses defendant's Motion to Dismiss for Insufficiency of Service of Process and to Vacate Clerk's Entry of Default (Dkt. # 13).  In its complaint alleging patent infringement, Plaintiff Surevoid Products, Inc. ("Surevoid") alleges that Defendant Voidform International, Ltd. ("Voidform") is a Canadian corporation having its principal place of business in Winnipeg, Manitoba, Canada (Complaint at ¶ 2).  In its Motion for Default Judgment, filed March 1, 2006, plaintiff asserts it made service of the complaint on defendant on February 4, 2006 as indicated on the return of service

attached to the Motion for Default Judgment as Exhibit A.  The return of service states that a process server by the name of Ross McCorriston left copies of documents (apparently the summons and complaint) at the offices of Voidform at an address in Winnipeg, Manitoba with the office receptionist.  No answer having been served by March 3, 2006, the Clerk of Court automatically entered default against Voidform.

Voidform filed the instant motion on March 9, 2006, seeking to set aside the Clerk's entry of default, and seeking to dismiss this case for insufficient service of process.  Voidform argues that the service effected upon it is insufficient because service of a complaint in Canada must be accomplished in accordance with the provisions of the Hague Convention, and the above-described service is not in compliance.  As the Convention states, as quoted by United States Supreme Court in *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988):  "The present [Hague] Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad. . . .  This language is mandatory . . . ."  In the instant case, service was to have been made abroad. The question is whether compliance the Hague Convention was achieved.

Defendant asserts that it was not, although it does not specify how the purported service was deficient under the Hague Convention.  A case cited by defendant does, however, sets forth the general procedures to be followed in making service under the Hague Convention.  As set forth in *Shenouda v. Mehanna*, 203 F.R.D. 166 (D.N.J. 2001):

> The Convention requires each signatory nation to establish a Central Authority to act as an agent to receive request of service, arrange for service of documents and return proofs of service. *See* The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 656 U.N.T.S. 163, at art. 2. Plaintiffs who sue foreign defendants in signatory countries are then required to request that a designated Central Authority execute service of process. *See id.* The destination country's Central Authority is then solely responsible for serving the document or for arranging to have it served "by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory." *See id.* at art. 5.

203 F.R.D. at 170. *See also* cases cited therein at 169-70.

Applying these above provisions to the service purportedly effected by plaintiff indicates a failure to comply with the Hague Convention as there is no indication of service being undertaken by a "Central Authority" or indicia of compliance with internal law of Manitoba, Canada. Moreover, although there are alternative methods of service provided for in the Hague Convention, *see Shenouda, supra*, 203 F.R.D. at 170-71, plaintiff here has not demonstrated that it complied with any of the alternative methods of service permitted under the Hague Convention.

Accordingly, the defendant's Motion to Dismiss for Insufficiency of Service of Process and to Vacate Clerk's Entry of Default (Dkt. # 13) is GRANTED. Plaintiff's Motion for Default Judgment (Dkt. # 9) is DENIED. This case is DISMISSED without prejudice.

DATED: April 11, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge