IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00073-PSF-MJW

SUREVOID PRODUCTS, INC.,

    Plaintiff,

v.

VOIDFORM INTERNATIONAL, LTD.,

    Defendant.

## ORDER ON MOTION TO REOPEN CASE

This matter comes before the Court on the Motion to Reopen Case (Dkt. # 20) filed by plaintiff on June 26, 2006. Defendant filed a response opposing the motion on July 3, 2006, and plaintiff filed its reply on July 11, 2006. For the reasons set forth below, the Motion to Reopen is DENIED.

The record in this case reflects that on March 1, 2006, plaintiff filed its motion for default judgment, asserting that service of process had been made and the defendant had failed to answer (Dkt. # 9). Default was entered by the Clerk of the Court on March 3, 2006 (Dkt. # 12). Defendant promptly responded. On March 9, 2006, it filed a Motion to Vacate the Clerk's Entry of Default and a Motion to Dismiss the case for insufficiency of service of process (Dkt. # 13). Defendant asserted that as a Canadian citizen it had not been properly served in compliance with the requirements of the Hague Convention. On March 21, 2006, defendant also filed a response to plaintiff's Motion for Entry of Default Judgment asserting the same arguments contained in its

motion to set aside the default and dismiss for insufficiency of service of process (Dkt. # 13).

Thereafter, plaintiff filed no response to either motion of defendant, nor did it file a reply in support of its motion for default judgment. The Court's research indicated that it appeared that defendant was correct that the provisions of the Hague Convention had not been complied with. Plaintiff never presented an argument to the contrary. Accordingly, on April 11, 2006, more than 30 days after defendant had moved to set aside the clerk's default, this Court entered its order granting the motion to dismiss for insufficiency of service of process, vacating the Clerk's default, and denying the motion for entry of default judgment (Dkt. # 15). The dismissal was without prejudice (*id.* at 3).

Some two and one-half months later plaintiff filed the pending "Motion to Reopen Case" asserting the dismissal order occurred while the service of process was out for the second time, and now claiming for the first time that it believed service was effective under the Hague Convention. Plaintiff contends that if the case is not reopened, it will be required to file a new complaint and send documents for service for a third time (Motion at 2).

Defendant responds that the federal rules do not contemplate the reopening of a closed and dismissed case other than under Rule 60(b), Fed. R. Civ. P., which provides for the granting of relief from a judgment if certain criteria are met. Defendant urges the plaintiff has neither met any of the grounds, nor even argued that it has. In

reply, the plaintiff asserts that its failure to make effective service timely meets the test of "excusable neglect" set forth in Rule 60(b)(1).

The Court agrees that there may have been neglect on the plaintiff's part, but does not find it excusable. If, as plaintiff now asserts, it believed that it made effective service in accordance with the Hague Convention, the time to come forward with such argument was when the motion to dismiss and motion to vacate default judgment were pending, and not some three months later. Plaintiff's silence at the time the motions were pending was in effect a deafening concession by silence to defendant's argument that the Hague Convention was not satisfied. The delay of time after the case was dismissed until the motion to reopen was filed is also indicative of inattentiveness.

Accordingly, the Court DENIES plaintiff's Motion to Reopen Case (Dkt. # 20).

DATED: September 6, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge